# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

REUNION INVESTMENT LIMITED, LLC )
and FIRESTORM GENERAL )
CONTRACTORS, INC., )
)
            Plaintiffs, )
)
v. )   Case No. 14-CV-0237-CVE-TLW
)
HARTFORD CASUALTY INSURANCE )
COMPANY, )
)
           Defendant. )

## OPINION AND ORDER

Now before the Court is plaintiffs' Motion for Leave to File Amended Complaint (Dkt. # 28) and Plaintiffs' Motion for Continuance and Amended Scheduling Order (Dkt. # 33). Plaintiff Reunion Investment Limited, LLC (Reunion) requests leave to file an amended complaint adding a bad faith claim against defendant Hartford Casualty Insurance Company (Hartford). Hartford opposes plaintiffs' motion to amend on the grounds that the proposed amendment would be futile and that plaintiffs have delayed in seeking leave to amend. Plaintiffs also ask the Court to enter an amended scheduling order extending all deadlines by 90 days, and Hartford opposes plaintiffs' request.

## I.

Reunion purchased an insurance policy from Hartford to cover real property located at 9 East 4th Street, Tulsa, Oklahoma. Dkt. # 2-2, at 3. On June 21, 2010, there was a sewage backup and resulting hazardous waste contamination at the insured property, and Reunion made a claim under the insurance policy for losses sustained as a result of the incident. Id. On June 22, 2010, Reunion

and Firestorm General Contractors, Inc. (Firestorm) entered an agreement under which Firestorm would perform loss mitigation and decontamination services at the insured property. Id. at 4. Hartford confirmed that the claim was covered under the insurance policy, and Reunion asserts that Hartford agreed to cover all expenses associated with decontaminating the insured property. Id. Reunion claims that it had already incurred substantial expenses by the time Hartford approved its insurance claim. Id. Reunion asserts that Hartford failed to independently investigate the insurance claim and that Hartford relied on Firestorm to provide information about the "type, extent, and scope of decontamination services needed" at the insured property. Id. According to Reunion, Hartford "approved Firestorm's decontamination services on a time, equipment and material basis." Id. Reunion and Firestorm allege that Hartford agreed to pay Firestorm directly for all services provided by Firestorm pursuant to its contract with Reunion, and Firestorm claims that it is a third-party beneficiary to the insurance contract between Reunion and Hartford. Id.

On September 7, 2010, Hartford advanced $150,000 to Firestorm for decontamination services. Id. at 5. Reunion and Firestorm claim that decontamination services were completed on November 21, 2010 and that Reunion owed Firestorm over $840,000 for services provided. Firestorm provided an estimate for rebuild costs after the damage to the insured property. Id. Reunion claims that Hartford attempted to "low ball" Reunion and that Hartford improperly claimed that the actual rebuild costs were approximately half of Firestorm's estimate. Id. Hartford eventually approved Firestorm's estimate of restoration and rebuild costs, but Hartford reduced payment to Reunion based on the depreciated value of the insured property. Id. at 5-6. Reunion and Firestorm have demanded that Hartford pay the outstanding balance owed to Firestorm, but Hartford has refused to make any further payment to Reunion or Hartford. Id. at 6.

2

On June 20, 2012, Reunion and Firestorm filed a prior lawsuit against Hartford in Tulsa County District Court, and the case was removed to federal court. Reunion Investment Ltd and Firestorm General Contractors, Inc. v. Hartford Casualty Insurance Company, 12-CV-696-CVE-FHM (N.D. Okla.). Reunion alleged, inter alia, a bad faith claim against Hartford. Reunion and Firestorm were permitted to voluntarily dismiss the case on February 15, 2013, even though Hartford objected to the voluntary dismissal. On February 14, 2014, Reunion and Hartford filed this case in Tulsa County District Court, and Hartford removed the case to this Court based on diversity jurisdiction. Reunion and Hartford jointly allege claims of unjust enrichment and reformation of the insurance contract. Reunion also alleges a breach of contract claim against Hartford, and Firestorm also asserts its own breach of contract claim under a theory that it is a third party beneficiary to the insurance contract. The Court entered a scheduling order (Dkt. # 18) setting, inter alia, a deadline of October 1, 2014 to file motions to amend pleadings or join additional parties. Plaintiffs requested that this deadline be extended to October 15, 2014, and Hartford did not oppose plaintiffs' request. Dkt. ## 21, 22. Plaintiffs have retained new counsel, and plaintiffs' new counsel filed a motion for leave to file an amended complaint adding a bad faith claim against Hartford. Plaintiffs also ask the Court to enter an amended scheduling order extending all deadlines by 90 days to allow new counsel sufficient time to conduct discovery and obtain expert reports. Dkt. # 33.

**II.**

Plaintiffs request leave to file an amended complaint adding a claim of bad faith against Hartford. Dkt. # 28. Hartford opposes plaintiffs' request on the grounds that the proposed

3

amendment would be futile and that plaintiffs have unduly delayed in seeking leave to amend. Dkt. # 29.[1]

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dept' of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

Hartford argues that Reunion's proposed bad faith claim would be barred by the statute of limitations, because the claim was not filed within two years of the alleged bad faith conduct by Hartford. Dkt. # 29, at 2. Plaintiffs respond that the proposed amendment would relate back to the filing of the original complaint, and the original complaint was filed within one year of the dismissal

---

[1] In the event that Firestorm sought to assert its own bad faith claim, Hartford objected that Firestorm was not a proper party to bring a bad faith claim because it does not have a contractual relationship with Hartford. Dkt. # 29, at 5-12. Plaintiffs' reply (Dkt. # 32) clarifies that Firestorm does not intend to assert a bad faith claim, and the Court will consider only whether Reunion should be granted leave to assert a bad faith claim against Hartford.

4

of plaintiffs' prior lawsuit against Hartford. Dkt. # 32, at 2. Under Rule 15(c)(2), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct transaction, or occurrence set out--or attempted to be set out--in the original pleading." A new claim alleged in amended complaint will relate back to the filing of the original complaint if it arises out of the "same nucleus of operative facts . . . ." Gilles v. United States, 906 F.2d 1386, 1390 (10th Cir. 1990). In its petition, Reunion alleges that it suffered property damage and that it filed an insurance claim with Hartford. Dkt. # 2-2, at 4. Reunion further alleges that Hartford conducted an inadequate investigation and that Hartford sought to delay payment to Reunion. Id. at 5. Reunion states that Hartford has made payments pursuant to the insurance policy, but the parties dispute whether the total amount owed to Reunion is reduced due to depreciation. Id. Reunion may seek to add additional allegations in its amended complaint concerning the alleged bad faith conduct of Hartford, but the allegations of the petition strongly suggest that Reunion intended to allege a bad faith claim. Reunion's proposed bad faith claim arises out of the same conduct giving rise to its breach of contract claim, and the bad faith claim alleged in the proposed amended complaint will relate back to the filing of the petition. The petition was filed on February 14, 2014. Plaintiffs' prior lawsuit against Hartford, which included a bad faith claim, was dismissed on February 15, 2013. This case filed within one year from the dismissal of plaintiffs' prior lawsuit against Hartford, and it was timely filed under Oklahoma's savings statute, OKLA. STAT. tit. 12, § 100. The Court finds that Reunion's proposed bad faith claim would not be barred by the statute of limitations.

Hartford claims that Reunion unduly delayed when seeking leave to file its amended complaint, because Reunion has no adequate explanation why it did not include a bad faith claim

5

in its initial petition. When considering the timeliness of a motion to amend, the Court must consider whether the moving party has an adequate explanation for the delay in filing a motion to amend. Minter, 451 F.3d at 1206-07. Plaintiffs state that they have retained new counsel, and new counsel has learned that plaintiffs' prior attorneys failed to conduct discovery in support of plaintiffs' claims and that the prior attorneys failed to allege a bad faith claim even though Reunion alleged a bad faith claim against Hartford in the prior lawsuit. The substitution of counsel can be a relevant factor to show that delay in seeking to file an amended complaint is excusable. See Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). In this case, Reunion alleges that its prior attorneys did not actively prosecute its claims against Hartford and that this was the cause of the delay in seeking to bring a bad faith claim against Hartford. Reunion also points out that Hartford did not object to plaintiffs' request to extend the deadline to file motions to amend the pleadings. Dkt. ## 21, 22. Hartford knew that the extension was requested to allow plaintiffs' new counsel "additional time to become informed about the facts and issues in order to advise them as to what amendments to the complaint, if any, may be appropriate or advisable." Dkt. # 21, at 1. Based on the allegations of the petition, it was reasonable to assume that Reunion would seek leave to add a bad faith claim against Hartford and the motion to amend was filed within the extended deadline to file motions to amend pleadings. Although the substitution of counsel will not always be a valid explanation for delay in seeking leave to amend, prior counsel's failure to diligently prosecute plaintiffs' claims coupled with Hartford's lack of an objection to plaintiffs' request for an extension of time to seek leave to amend are sufficient to show that plaintiffs did not unduly delay in seeking leave to file an amended complaint.

6

Hartford also argues that it would be prejudiced if Reunion were allowed to file an amended complaint adding a bad faith claim, because this will delay the proceedings and Hartford will incur additional expenses if Reunion seeks additional discovery in support of its bad faith claim. A party will suffer minimal prejudice if there is "significant overlap" between the existing claims and the claims to be added in the proposed amended complaint. Velocity Press v. Key Bank, NA, 570 F. App'x 783, 789 (10th Cir. July 2, 2014).[2] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" Minter, 451 at 1208. Hartford states it will be prejudiced if it is required to engage in "additional discovery," but it does not allege that new counsel for plaintiffs intends to engage in duplicative and unnecessary discovery. Dkt. # 29, at 11. Instead, the parties are in agreement that plaintiffs' prior attorneys did little or no work to gather information in support of plaintiffs' claims, and the "additional discovery" is actually the discovery that should have already been conducted by plaintiffs' prior attorney. This will cause Hartford to incur some additional expense, but these are ordinary expenses associated with discovery in a civil case and there is nothing unfair or prejudicial about having to engage in discovery. Hartford has not shown that it will be prejudiced in terms of preparing a defense to a bad faith claim, and Reunion's request for leave to file an amended complaint adding a bad faith claim should be granted.

## III.

Plaintiffs ask the Court to enter an amended scheduling order extending all deadlines by 90 days to allow new counsel sufficient time to conduct discovery and obtain expert reports. Dkt. # 33.

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

Hartford objects to plaintiffs' request for an amended scheduling order and it argues that plaintiffs have not shown good cause for an extension of deadlines. Dkt. # 34, at 4-5.

Under Fed. R. Civ. P. 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court has discretion to amend the scheduling order. Rimbert v. Eli Lilly and Co., 647 F.3d 1247, 1254 (10th Cir. 2011). The good cause requirement focuses on the diligence of the party seeking the extension of time and whether the modification is necessary despite the diligent efforts of the party to comply with the scheduling order. Armstrong v. Gemini Motor Transport, LP, 2013 WL 4483438 (W.D. Okla. Aug. 20, 2013). The Tenth Circuit has recognized that a "scheduling order can have an outcome-determinative effect on the case and 'total inflexibility is undesirable." Rimbert, 647 F.3d at 1254 (quoting Summers v. Missouri Pac. R.R. Sys., 132 F.3d 599, 604 (10th Cir. 1997)). The Court should consider whether denying a request to amend a scheduling order would result in the exclusion of evidence, because this is a "drastic sanction" that should be avoided. Id.

In this case, plaintiffs' prior attorneys did not diligently prosecute plaintiffs' claims against Hartford, and plaintiffs' new counsel discovered that very little had been done to prepare this case for trial. Dkt. # 33, at 2. Plaintiffs state that their new attorneys have retained two expert witnesses, but the experts will need additional time to review the evidence and draft reports. Id. at 2-3. Plaintiffs have also sent "comprehensive" discovery requests to Hartford, but Hartford's responses are not due until November 20, 2014. Id. at 3. Plaintiffs state that they will need additional time after receiving the discovery responses to schedule any necessary depositions. Id. Hartford argues that the substitution of counsel by itself is not a sufficient reason to for a court to enter an amended scheduled order. Dkt. # 34, at 6. However, the Court can take into account the diligence of

plaintiffs' new counsel in seeking an extension of time once it became apparent that plaintiffs' prior attorneys had not adequately prepared for trial. Long v. Ford Motor Co., 2009 WL 903404 (D. Ariz. Apr. 1, 2009). Plaintiffs' representations support a finding that their new attorneys diligently reviewed the status of plaintiffs' case and that they sought an extension of time shortly after entering the case. Plaintiffs' counsel has described with specificity the ongoing discovery efforts and the need for that discovery. The Court finds that denying plaintiffs' request for entry of an amended scheduling order would prevent a fair trial on the merits of plaintiffs' claims, and plaintiffs' request for an extension of time should be granted.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Leave to File Amended Complaint (Dkt. # 28) is **granted**, and plaintiffs may file an amended complaint alleging a bad faith claim on behalf of Reunion only no later than **November 21, 2014**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Continuance and Amended Scheduling Order (Dkt. # 33) is **granted**, and an amended scheduling order will be entered forthwith.

**DATED** this 19th day of November, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE